Gregory Richardson, Esq. (CSB #177233)
Law Offices of Gregory Richardson
11801 Pierce St., REGUS Turner, Suite 272
Riverside, CA  92505
(951) 850-2052
gregoryrichardsonesq@gmail.com

===============================================
**5:21–cv–01999 JGB (SPx)**
_____

# In the United States District Court
# Central District of California
_____

*GREGORY RICHARDSON,*
*Plaintiff,*
*v.*
*THE COMMISSION ON JUDICAL PERFORMANCE ("COMMISSION")*
_____

# PETITION AND ACTION FOR DECLARATORY JUDGMENT THAT THE COMMISSION ON JUDICIAL PERFORMANCE ("COMMISSION") HAS SUBJECT MATTER JURISDICTION TO REVIEW THE ACTIONS AND PROCEEDINGS OF AN ATTORNEY SERVING AS A TEMPORARY JUDGE BY THE CONSENT OF THE PARTIES LITIGANT, WHO IS ALSO A "JUDGE OR FORMER JUDGE," PURSUANT TO CAL. CONST. ART. VI §21

**Judge: _____**
**Magistrate Judge: _____**
**Date: _____**
**Time: _____**
**TRIAL BY JURY DEMANDED**

1. **TO ALL PARTIES AND THER COUNSEL**, please take note that in the above-entitled court, at a date to be determined, the Petitioner will present a petition for a declaratory judgment that the Commission on Judicial Performance ("COMMISSION") has review-jurisdiction over attorneys who serve as temporary judges pursuant to CAL. CONST. ART. VI §21.

2. This Federal Court has federal question jurisdiction pursuant to 42 **U.S.C.** §1983 and United States Constitution Article VI, the FIRST AMENDMENT, the FOURTEENTH AMENDMENT, and the FOURTH AMENDMENT.

3. The COMMISSION is a State Actor for purposes of 42 **U.S.C.** §1983.

4. The California Judiciary cannot provide a fair and impartial forum because the Chief Justice of the California Supreme Court overseas the COMMISSION and endorses IVAMS and its President Eggertsen, in their unlawful and unconstitutional lawyer referral service ("LRS").

5. Venue in this district is proper because the actions and proceedings occurred within this District.

6. Under CAL. CONST. ART. VI §18(D), the COMMISSION has review jurisdiction over all "judges and former judges" in the California Judiciary.

7. Martha Bellinger ("Bellinger") served as an appointed Superior Court Judge in the Superior Court for the County of Los Angeles ("LASCT").

8. The last judicial term of Superior Court Judge Bellinger expired in 2011.

9. Bellinger served as the Temporary Judge by the consent of the parties litigant in RID 1200031 ("STATE CASE").

10. Bellinger is a State Actor for purposes of 42 **U.S.C.** §1983, because she performed the functions of a real Superior Court Judge and with the support of the Riverside Superior Court.

11. As the Temporary Judge, Bellinger is a "judge or former judge" within the

meaning of ART. VI §18(D).

12. "Judge" means a judge of any court of this state or a retired judge who has elected to serve on senior judge status or former judge as provided in California Constitution, article VI, section 18(d).  For purposes of these rules, "judge" also means a court commissioner or referee, included as subordinate judicial officers in the commission's jurisdiction under California Constitution, article VI, section 18.1.

13. At the relevant time, the Riverside Superior Court never informed me that Bellinger was not subject to discipline by either the COMMISSION nor the California State Bar ("BAR").

14. The COMMISSION refuses to investigate the refusals of Judge Harmon and Temporary Judge Bellinger to allow reasonable inspections of judicial records and court documents, in violation of **CRC** 2.400(B), **STIPULATION** ¶6, the FIRST AMENDMENT, CAL. CONST. ART. I §2(A), and other laws.

15. Bellinger is a "former judge" as provided in California Constitution, article VI, section 18(d).

16. Multiple Superior Court Judges and Presiding Judges at the Riverside Superior Court were involved in the appointment of Bellinger as the Temporary Judge.  These Judges fall within the review jurisdiction of the Commission for "judges and former judges."

17. The Petitioner is engaging in activity protected by the United States Constitution and the California Constitution, including but not limited to, the FIRST AMENDMENT and CAL. CONST. ART. I §2.

18. The Commission has refused to conduct any investigation of the actions of Temporary Judge Bellinger or the Superior Court Judges involved in her appointment as the Temporary Judge.  This refusal violates Petitioner's rights under the FIRST AMENDMENT, the FOURTEENTH AMENDMENT, the DUE PROCESS

3

CLAUSE, the EQUAL PROTECTION CLAUSE, CAL. CONST. ART. I §2 and CAL. CONST. ART. I §7(A).

19. The COMMISSION collaborates with the Riverside Superior Court to deny the Petitioner his rights under the Due Process Clause and the due process of law, to judicial review of the actions of Temporary Judge Bellinger and Superior Court Judges and Presiding Judges at the Riverside Superior, in the STATE CASE, in violation of the FOURTEENTH AMENDMENT and CAL. CONST. ART. I §7(A).

20. As the Temporary Judge, Bellinger acts on behalf of the Riverside Superior.

21. The COMMISSION promised to conduct an investigation of the appointment of Bellinger as the Temporary Judge and her false and fraudulent assertion that she is a "Judge *Pro Tem* appointed by the Riverside Superior Court." But the COMMISSION fails to respond to Petitioner's inquiries and refuses to conduct any investigation. Otherwise, the COMMISSION fails to keep Petitioner informed of its deliberations.

22. The COMMISSION denies the Petitioner the Equal Protection of the law by not applying CAL. CONST. 18(D) to the actions and proceedings of Temporary Judge Bellinger and the Superior Court Judges and Presiding Judges of the Riverside Superior Court who are involved in Bellinger's appointment as the Temporary Judge by the consent of the parties litigant.

23. The COMMISSION refuses to investigate the actions of Superior Court Judge Christopher B. Harmon ("Harmon"), who conducted an independent investigation of Petitioner's claims against Temporary Judge Bellinger, by independently inspecting the website of Petitioner which contained discussions of the proceedings of Temporary Judge Bellinger. Judge Harmon failed to disclose his independent investigation on-the-record, thus causing his *per se* and automatic disqualification.

24. The COMMISISON refuses to investigate the unconstitutional, unlawful, and

highly prejudicial delay in resolving the STATE CASE after it was submitted *via* a judgment rendered by Temporary Judge Bellinger, on July 28, 2014, in violation of CAL. CONST. ART. VI §21.  The STATE CASE appears to be unresolved, since the COMMISSION has failed to identify any final order or appealable judgment

25. The COMMISSION refuses to investigate the failure of Temporary Judge Bellinger to "act until final determination of the cause," in violation of **STIPULATION ¶¶**1-3 and ART. VI §21.

26. The COMMISISON refuses to investigate the failure of the RSC to "empower[ Temporary Judge Bellinger} to act until final determination of the cause," in violation of **STIPULATION ¶**6 and CAL. CONST. ART. VI §21.

27. The COMMISSION refuses to investigate the unilateral, unlawful, and unconstitutional intervention of Judge Harmon and the termination of the appointment of Bellinger as the Temporary Judge, in violation of the **STIPULATION ¶12** and California **RULES OF COURT** ("**CRC**"), **CRC** 3.734.

28. The COMMISSION refuses to investigate the actions of Presiding Judge Becky L. Dugan ("Dugan"), who refuses to acknowledge that Bellinger is the Temporary Judge by the consent of the parties litigant.  Dugan is aware that Temporary Judge Bellinger failed to take and subscribe her oath of office ("**OATH**"), as mandated by **CRC** 2.831(B) and CAL. CONST. ART. VI §21.  Dugan unconstitutionally allows an unsworn and unqualified attorney to serve as the Temporary Judge consented to by the parties litigant.

29. The COMMISSION refuses to investigate the actions of Presiding Judge Mark A. Cope ("Cope"), who failed and/or refused to review and approve of the stipulation for the designation of Bellinger as the Temporary Judge.  Cope refused and/or failed to comply with **CRC** 2.831(A-B).  Cope failed to approve of the **STIIPULATION** (January 17, 2014) for the appointment of Bellinger as the Temporary Judge.

30. The COMMISSION refuses to investigate the actions of Superior Court Judge Steven G. Counelis ("Counelis"), who failed to submit the order appointing Bellinger as the Temporary Judge, to Presiding Judge Cope, for review, approval, and signing by the Presiding Judge, in violation of **CRC** 2.831(A-B).  Instead, Judge Counelis unlawfully and unconstitutionally signed the **COUNELIS ORDER** himself, in violation of **CRC** 2.831(A-B) CAL. CONST. ART. VI §21.

31. The COMMISSION refuses to investigate the designation of Bellinger as a "[x] Judicial officer," by Bellinger herself, Judge Harmon, Judge Counelis, and Joseph Howington ("Howington") (counsel for the Respondent in the STATE CASE). Bellinger is not a "[x] Judicial officer" because she has never won a judicial election in the State of California.

32. The COMMISSION refuses to investigate the failure of the RSC to designate Bellinger as the "[ ] Temporary judge," by Bellinger, Harmon, Counelis, and Howington.

33. The COMMISION refuses to investigate the assertion by the Bellinger, Howington, and the Presiding Judges and the Superior Court Judges that Bellinger is appointed by the Riverside Superior Court to any judicial office, in violation of California's **DOCTRINE ON THE SEPARATION OF POWERS**.  Under the California Constitution, judges may not choose or appoint any type of judge.

34. The COMMISSION refuses to investigate the failure of Bellinger to "try the cause" by her refusal to file or enter any of her orders and/or findings, in violation of **CRC** 2.400(B) and ART. VI §21.

35. The COMMISSION refuses to investigate the failure of the RSC, its Superior Court Judges and Presiding Judges, and Bellinger to comply with the **COUNELIS ORDER**, the **STIPULATION**, and CAL. CONST. ART. VI §21 ("ART. VI §21 MANDATES"), in violation of **CRC** 2.831 ET SEQ., **STIPULATION** ¶¶1-3, and ART. VI

6

§21.

36. The COMMISSION refuses to investigate the failure of Temporary Judge to comply with the "stipulation of the parties litigant" that she is the Temporary Judge, in violation of **CRC** 2.831 ET SEQ., **STIPULATION** ¶¶1-3, and ART. VI §21.

37. The COMMISSION refuses to investigate the failure of the RSC to institute a proper and valid "order" of the Superior Court for the designation of Bellinger as the Temporary Judge, in violation of **CRC** 2.831(A-B) and ART. VI §21.

38. The COMMISSION refuses to investigate the unilateral termination of the assignment of Bellinger as the Temporary Judge, by the RSC, Bellinger, and Judge Harmon, in violation of the **STIPULATION** §§1-3 and ART. VI §21.

39. The COMMISSION refuses to investigate the unilateral, unlawful, and unconstitutional intervention by Judge Harmon into the proceedings of Temporary Judge Bellinger in the STATE CASE.

40. The COMMISSION refuses to investigate the denial of Petitioner's right to retain counsel in all proceedings, on or about November 10, November 13, December 8, and December 24, 2014 and thereafter. Petitioner suffered a miscarriage of justice by being denied an opportunity to retain counsel at multiple hearings.

41. The COMMISSION refuses to investigate Judge Harmon for threatening the Petitioner with imprisonment, fines, and sanctions for objecting to Harmon's unilateral, unlawful, and unconstitutional take-over of the STATE CASE from Temporary Judge Bellinger, in violation of **CRC** 3.734, **STIPULATION** §§1-3 and ART. VI §21.

42. The COMMISSION refuses to investigate the false and simulated signature of Temporary Judge Bellinger on one or more orders of Superior Court Judge Harmon.

43. The COMMISSION refuses to investigate the failure of the **STIPULATION** to refer to the **COUNELIS ORDER**, in violation of ART. VI §21 and **CRC** 2.831(B).

44. The COMMISSION refuses to investigate the failure of Temporary Judge Bellinger to take and subscribe her **OATH**, in violation of **CRC** 2.831(b) and ART. VI §21.

45. The COMMISSION refuses to investigate the failure of Temporary Judge Bellinger to file her "sworn" **OATH**, in violation of **CRC** 2.831(b) and ART. VI §21, including but not limited to the judgment which she rendered on July 28, 2014, and the order awarding Joseph Howington ("Howington") $40,000.00 in attorney's fees.

46. The COMMISSION refuses to investigate the failure of Temporary Judge Bellinger to obtain the consent of the Petitioner to waive her automatic and *per se* disqualification for failing to disclose her business relationship with the law partner of Petitioner's then-attorney, Brian G. Thorne ("Thorne").  Thorne is the law partner of an IVAMS-retained attorney, Donald G. Haslam ("Haslam").

47. The COMMISSION refuses to investigate the failure of Temporary Judge Bellinger to disclose on-the-record the result of the conflicts-checks performed on her behalf by IVAMS and President Eggertsen.

48. The COMMISSION refuses to investigate the failure of Bellinger to respond to or contest, the first Statement of Disqualification filed by the Petitioner, on November 3, 2014.

49. The COMMISSION refuses to investigate the failure of Judge Harmon to hold any hearing upon purporting to enter a judgment or order, on December 8 and December 24, 2014, in violation of **CCP** §217 and **CCP** §166.

50. The COMMISSION states or implies that Bellinger is not the Temporary Judge by the consent of the parties litigant, in the STATE CASE.  On the other hand, Petitioner maintains that Bellinger is the Temporary Judge pursuant to the **COUNELIS ORDER** and the **STIPULATION**.

51. Thus, a genuine issue of law and fact has arisen, which requires a judicial

8

determination on the above-cited issues.

52. Petitioner will also seek a declaration that Temporary Judge Bellinger is still the Temporary Judge because there is no court order terminating her assignment as the Temporary Judge and she has not reached a "final determination of the cause," in violation of the **STIPULATION ¶12** and ART. VI §21.

53. By refusing to acknowledge or recognize that Bellinger is the Temporary Judge, the COMMISSION has taken sides in the litigation pertaining to Temporary Judge Bellinger.

54. The COMMISSION refuses to investigate the fee-sharing agreements between an among IVAMS, President of IVAMS, Bellinger, and other IVAMS-retained attorneys. Bellinger shares her legal fees with IVAMS and Eggertsen.

55. I was never informed of or consented to any fee-sharing agreement pertaining to Temporary Judge Bellinger.

56. The COMMISSION refuses to investigate the unlicensed practice of law engaged in by Eggertsen and IVAMS, which is condoned by the RSC and its Presiding Judges and Superior Court Judges. Eggertsen practices law through IVAMS by offering the legal services of IVAMS-retained attorneys.

57. The COMMISSION is disqualified because the Chair of the Commission, the Chief Justice of the California Supreme Court, endorses IVAMS and its President, Peter Eggertsen. The Chief Justice exercises undue influence over the proceedings and litigation pertaining to the STATE CASE.

58. The COMMISSION refuses to conduct any investigation into the lack of a complete record in the STATE CASE, caused by the failure of Bellinger and the RSC to have her orders and findings filed and entered, in violation of **CRC** 2.400(B) and ART. VI §21.

59. The COMMISSION refuses to investigate the complete lack of subject matter

9

jurisdiction of Judge Harmon.  There is no "Court Order" terminating the assignment of Bellinger as the Temporary Judge and transferring jurisdiction to Superior Court Judge Harmon.

60. The COMMISSION refuses to investigate the complete lack of personal jurisdiction over the Petitioner, starting on or about November 10, 2014, by Superior Court Judge Harmon.

61. The COMMISSION refuses to investigate the complete lack of subject matter jurisdiction of Temporary Judge Bellinger, due to her abject failure to comply with the ART. VI §21 MANDATES.

62. Petitioner suffered a miscarriage of justice due to the failures of Temporary Judge Bellinger, the RSC, the Presiding Judges, and the Superior Court Judges to comply with the ART. VI §21 MANDATES, in violation of Art. VI §13.

## PRAYER FOR RELIEF

**WHEREFORE, PETITIONER PRAYS FOR A DECLARATION THAT:**

1. The COMMISSION has review jurisdiction over the actions and proceedings of Temporary Judge Bellinger.

2. Bellinger is the Temporary Judge subject to review pursuant to CAL. CONST. ART. VI §18(D).

3. Other appropriate relief.

4. Reasonable attorney's fees and expenses, in an amount to be determined.

Date:  September 29, 2022

Respectfully submitted,

*Gregory Richardson, Esq.*

Gregory Richardson

## DECLARATION OF GREGORY RICHARDSON

### (September 29, 2022)

**1.**   I, Gregory Richardson, am the Plaintiff or Petitioner in the above-entitled action.  "3. This Petition for declaratory relief will be presented pursuant to the Federal Rules of Civil Procedure ("**Fed. R. Civ. P.**"), specifically **Fed. R. Civ. P.** 57, which provides the procedure for obtaining a declaratory judgment under 28 **U.S.C.**§2201 ("**Federal Declaratory Judgment Act**").

## I.   SECRET REAL ESTATE TRANSACTION IN QUESTION.

**2.**   On or about December 2015, or at some unknown date near then, my interest is the family residence was transferred from me to Respondent Tracy Zhang ("Zhang").  I never agreed to the unilateral and unconditional interest in my family residence to Zhang.  I never signed any memorandum or documents expressing my consent to the transfer of any real property interest in the family residence.  The value of my interest in the family residence exceeds $100,000.00.

**3.**   There is no judgment transferring my interest in in the family residence from me to Zhang.  There is no final order or appealable judgment which transfers my interest in the family residence without conditions.  On July 28, 2014, no interest in the family residence was transferred by any order or judgment of Temporary Judge Martha E. Bellinger ("Bellinger").  On December 8, 2014, no interest in the family residence was transferred by any order or judgment of the Hon. Christopher B. Harmon ("Harmon").  On December 24, 2014, no interest in the family residence was transferred by any order or judgment by Harmon.

## II. TEMPORARY JUDGE BELLINGER IS *PER SE* AND AUTOMATICALLY DISQUALIFIED BECAUSE SHE FAILED TO RESPOND TO A FIRST STATEMENT OF DISQUALIFICATION ("SODQ I") FILED PURSUANT TO CCP §170.3(C)(3).

**4.**   Although it was not apparent at the time, Bellinger and Harmon misrepresent her status as a "Judicial officer" and "Judge of the Superior Court."  After conducting an independent investigation, I determined that Bellinger cannot be a "Judicial officer" because she is an active Member of the California State Bar ("BAR").  Thus, Bellinger and the RSC violate California's *DOCTRINE ON THE SEPARATION OF POWERS*, because judges may not choose judges, and the RSC is powerless to designate Bellinger as a "[x] Judicial officer.".  (*See* EXHIBITS G1 & G2.)

**5.**   Bellinger's misrepresentation of her status as a "Judicial officer" would cause a reasonable person to doubt her qualifications and ability to be impartial and fair.  A reasonable person would conclude that an attorney who misrepresents herself as a "Judge of the Superior Court" or the "Judge Pro Tem appointed by the Riverside Superior Court"—*i.e.*, without identifying herself as the "Temporary Judge" or the "Temporary Judge by the consent of the parties litigant," cannot be treusted. Bellinger and the RSC have caused considerable doubt about the integrity of the proceedings in the STATE CASE because they present an unelected and unqualified attorney as a "Judicial officer" and "Judge of the Superior Court."  (*See* EXHIBITS G1 & G2.)

**6.**   After substantial research into what is a Temporary Judge, I determined that the word "temporary" does not refer to the length of employment by the Superior Court.  "The word temporary, as used in this context, does not speak to the employment status of frequency of appointment of the temporary judge *vis-à-vis* the employing court.  Instead, it indicates that the temporary judge becomes a judge only on stipulation of the parties litigant and remains a judge only until the stipulated cause is determined.  In this regard we see no qualitative difference between the habitual use of one commissioner as a temporary judge in each of California's 54 counties, and the use o 54 such commissioners as temporary judges in a county such as Los Angeles.  Either such use is constitutional, so long as the judge's power *vis-à-vis* the litigants remains temporary." (*Reisman v. Shahverdian*, 153 Cal.App.3d 1074, 1092 (1984).)

**7.**   This court should not allow the willful absence of Temporary Judge Bellinger from the proceedings of the STATE CASE and in this Federal Action to enable her to avoid her judicial duties under the ART. VI §21 MANDATES, *infra.*  (*See Reisman v. Shahverdian*, 153 Cal.App.3d 1074, 1093 (1984).)  When and if Bellinger does appear, she should be required that she became judge by "sworn" by taking and subscribing to her OATH.  (*See* **CRC** 2.831(B).)  Bellinger as the mandatory judicial duty to take her **OATH** before exercising Jurisdiction.  (*City of Shasta Lake v. County of Shasta* (App. 3 Dist. 1999), 75 Cal.App.4th 1, 88 Cal.Rptr.2d 863.)

**8.**   During my legal research, I further determined that she has never won a judicial election in the State of California.  She appears to be claiming to be a real Superior Court Judge or "Judge *Pro Tem* appointed by the Riverside Superior Court" in order to cover-up her failure to abide by the ART. VI §21 MANDATES, *INFRA*. Bellinger's false assertion that she is a "Judge *Pro Tem*" would cause a reasonable

12

person to doubt her qualifications and ability to be fair and impartial.  (*Letter Temporary Judge Martha Bellinger to Gregory Richardson* (December 15, 2014) (EXHIBIT O).)

**9.**   On November 3, 2014, I filed a first **STATEMENT OF DISQUALIFICATION** ("**SODQ I**") against Temporary Judge Bellinger, based on my growing doubts that she had complied with all of the ART. VI §21 MANDATES.  But by November 13, 2014, Temporary Judge Bellinger was *per se* and automatically disqualified for failing to respond to my first statement of disqualification.  (*See* STATEMENT OF DISQUALIFICATION OF TEMP. JUDGE MARTHA E. BELLINGER (November 3, 2014) (EXHIBIT S).)

**10.**  Judge Harmon has no judicial authority or Jurisdiction to review this **SODQ I**.  I never waived Bellinger's disqualification under **CCP** 170.3(c)(3).

**11.**  Subsequently, Bellinger became *per se* and automatically disqualified for failing to obtain a waiver of her disqualification under **CRC** 2.816.  (*See* MOTION TO WITHDRAW AND VACATE STIPULATION HAVING JUDGE BELLINGER (RET.) ACT AS TEMPORARY JUDGE IN RID1200031; MOTION TO RESCIND STIPULATION AND CONTRACT WITH IVAMS, INC. (July 13, 2015) (EXHIBIT B1).)

**12.**  Here, **CRC** 2.816(E)(4) applies for motions to withdraw from the **STIPULATION**; and Judge Harmon has no judicial authority or Jurisdiction to review the motion to withdraw.

**13.**  I never waived Bellinger's disqualification under **CRC** 2.816.

**14.**  On November 10, 2014, Superior Court Judge Harmon apparently reviewed this **SODQ I**; but he held no hearing. By resolving disputed issues of fact and law in-chambers, Harmon violated **CCP** §166.  By holding a secre1t hearing, Harmon violated by right to present oral testimony, in violation of **CCP** §217.

**15.**  Harmon apparently attempted to keep his determination on November 10, 2014, secret because neither he nor the Clerk of the RSC served notice of his decision.  (EXHIBIT B1.)  Harmon refused to set the SODQ I for a hearing, in violation of **CCP** 170.3.

**16.**  Harmon had no authority to review or rule on this matter.  Temporary Judge Bellinger did not respond or oppose my **SODQ I**.  Since she did not answer, she is *per se* and automatically disqualified.  (**CCP** 170.3(c)(3).)  (*See Hayward v. Superior*

13

*Court* (2016) 2 Cal.App.5th 10.)  She is also deemed to "have consented to . . . her disqualification and the clerk shall notify the presiding judge or person authorized to appoint a replacement of the recusal as provided in subdivision (a)."  (**CCP** 170.3(c)(4).)

**17.** However, the Clerk of the RSC never did "notify the presiding judge or person authorized to appoint a replacement of the recusal," in violation of **CCP** 170.3(c)(4).

**18.** Temporary Judge had only two alternatives for proceeding, both of which involved her automatic disqualification in the absence of my waiver of her disqualification.  **CCP** 170.3(c)(3) provides: "Within 10 days after the filing or service, whichever is later, the judge may file a consent to disqualification in which case the judge shall notify the presiding judge or the person authorized to appoint a replacement of his or her recusal as provided in subdivision (a), or the judge may file a written verified answer admitting or denying any or all of the allegations contained in the party's statement and setting forth any additional facts material or relevant to the question of disqualification.  The clerk shall forthwith transmit a copy of the judge's answer to each party or his or her attorney who has appeared in the action."

**19.** I never waived any disqualification of Bellinger.  Temporary Judge Bellinger is the "judge" required to file an answer.  Judge Harmon has no authority to ignore Bellinger's failure to answer the **SODQ I**.  I never waived the disqualification of Temporary Judge Bellinger.

**20.** Superior Court Judge Harmon is not qualified or authorized to hear the matter of the disqualification of Temporary Judge Bellinger.  (**CCP** 170.3.)  Harmon is disqualified because he intervened in the STATE CASE without giving notice or an opportunity to be heard.

**21.** But, as the "judge deciding the question of disqualification," Harmon "may decide the question on the basis of the statement of disqualification and answer and any written arguments as the judge requests . . .."  Here, "the judge" refers to Harmon as the "judge deciding the question of disqualification."  However, Harmon never requested any "written argument" from Bellinger.  Hence, by deciding the issue without input from Bellinger and the parties litigant, Harmon failed to comply with the disqualification procedures provided by **CCP** 170.3(c)(6).

**22.** In the alternative, "the judge [Harmon] may set the matter for hearing as promptly as practicable."  This requirement, Judge Harmon willfully failed to do.

As discussed above. Harmon never "set the matter for hearing."  (**CCP** 170.3(c)(6)).

**23.**  Temporary Judge Bellinger is also disqualified under **CCP** §170(a)(6)(A)(iii), because Bellinger, IVAMS, and President Eggertsen failed to disclose on-the-record the **conflicts-checks** which had been performed on her behalf.  I had requested an opportunity to conduct a reasonable inspection of the results of the **conflicts-checks**, but IVAMS and President Eggertsen refused to allow any inspections.  (*LETTER AND E-MAIL, GREGORY RICHARDSON TO IVAMS, INC. & PETER EGGERTSEN, TEMPORARY JUDGE BELLINGER, AND JOSEPH HOWINGTON* (September 22, 2014) (EXHIBIT L1).)

**24.**  Temporary Judge Bellinger rendered a judgment on July 28, 2014; but she never filed or entered it.  Bellinger was serving and acting as the Temporary Judge at the RSC on July 28, 2014—*i.e.* not as an "arbitrator" or a "mediator."  (*See* **BELLINGER RENDERED JUDGMENT** ("**BRJ**") (July 28, 2014) (EXHIBIT F).)

**25.**  However, Bellinger and the parties litigant were not "before the court" for purposes of **CCP** §664.6, because even by July 28, 2014, Bellinger had not yet taken and subscribed her oath of office ("**OATH**"), so that she was unsworn.  (*See* **CRC** 2.831(B).)

**26.**  Hence, any document, order or purported judgment signed by Bellinger is inadmissible hearsay.  Moreover, as an unsworn Temporary Judge, Bellinger is both unqualified and disqualified.  (CAL. **EVID. CODE** §1200.)

**27.**  Temporary Judge Bellinger is not a "Commissioner."  Superior Court Judge Harmon is not the "Supervising Family Law Judge."  Hence, RSC **LOCAL RULE** 5145 is not available to Bellinger and Harmon for entering any order or purported judgment of Bellinger.  After significant legal research, I have not discovered any other possible statutory authority for Judge Harmon to adopt or enter any order or purported judgment by Bellinger, as the order or judgment of the RSC.

**28.**  On November 13, 2014, Temporary Judge Bellinger proceeded with a hearing, even though she was *per se* and automatically disqualified.  Superior Court Judge Harmon had no authority to review my **SODQ I**.  Nor did Harmon serve notice of his decision or treatment of the **SODQ I**.  (EXHIBIT S.)

**29.**  This circumstance violates CAL. CONST. ART. VI §21 and the principle at the common law that there may only be a single judge assigned to a case "for all purposes" at any time.  (*See* **CRC** 3.734.)  ART. VI §21 ("... a temporary judge ...").

**30.**  After reviewing the judicial documents for the STATE CASE ("**RECORD**"), I

have determined that there is no "Court Order" turning the STATE CASE over to Superior Court Judge Harmon.  Nor is there any evidence of a noticed hearing with an opportunity to be heard, on assigning Harmon to the STATE CASE.  Harmon was never assigned to the STATE CASE "for all purposes" to replace Temporary Judge Bellinger.  (*See* **CRC** 3.734.)

**31.**  The assignment of Temporary Judge Bellinger was never terminated by the Presiding Judge of the RSC.  There is no termination date for Bellinger's assignment as the Temporary Judge.  Bellinger did not conduct any proceeding after November 13, 2014.  Hence, Bellinger effectively abandoned the STATE CASE on or shortly after November 13, 2014.  (**STIPULATION** ¶ 12.)

## II.   JUDGES ARE NOT IMMUNE FROM LAWSUIT TO ENFORCE THEIR AGREEMENT TO ABIDE BY THE PROVISIONS OF CAL. CONST. ART. VI §21 FOR THE APPOINTMENT OF A "TEMPORARY JUDGE BY THE CONSENT OF THE PARTIES LITIGANT."

**32.**  Throughout this litigation, no judge or court has acknowledged or cited to the California Constitution.  Nonetheless, the proper procedure for resolving this litigation is provided by Cal. Court of Appeal, 4th Appellate Dist., 2nd Div.:  "The California Constitution provides that "[o]n stipulation of the parties litigant the court may order a cause to be tried by a temporary judge . . .."  (CAL. CONST., ART. VI §21.).  (*Housing Group v. United Nat. Ins. Co.* 90 Cal.App.4th 1106, 1104 (2001).)  (*See MICHAELS v. TURK* (Cal. Court of Appeal, 4th Appellate Dist., 2nd Div.) (*MICHAELS*) 239 Cal.App.4th 1411, 1414, 239 Cal.App.4th 1411 (2015) 191 Cal.Rptr.3d 669).)

**33.**  Judicial immunity does not immunize judges in an action to enforce the provisions of ART. VI, § 21, because judges have no discretion to decide not to abide by the provisions of ART. VI, §21, since ARTICLE I §26 of the California Constitution states: "The provisions of this Constitution are mandatory and prohibitory, unless by express words they are declared to be otherwise."

**34.**  Under this provision, the Superior Court for the County of Riverside ("RSC") and "all branches of government are required to comply with constitutional directives."  (*Mosk v. Superior Court* (1979) (*Mosk*) 25 Cal.3d 474, 493, [159 Cal.Rptr. 494, 601 P.2d 1030], fn. 17; *Bauer-Schweitzer Malting Co. v. City and County of San Francisco* (1973) 8 Cal.3d 942, 946, [106 Cal.Rptr. 643, 506 P.2d 1019]).

**35.** ART. VI §21 directs the RSC and the parties litigant to enter into a mandatory "stipulation" for the appointment of a "Temporary Judge (by the consent of the parties litigant)."  (*See* **STIPULATION** (January 17, 2014) (Exhibit B).)  By entering this mandatory stipulation, I consented to Bellinger serving as the Temporary Judge.  I did not agree to her determining the cause in any other role, such as "Judge *Pro Tem*" or as an "arbitrator" or as a "mediator."

**36.** ART. VI §21 directs the Presiding Judge of the RSC to issue a mandatory "order" for the appointment of a "Temporary Judge by the consent of the parties litigant."  (*See* **CRC** 2.831(A-B).)  Hence, the **COUNELIS ORDER** appoints Bellinger as the "Temporary Judge"—*i.e.*, not the "Judge *Pro Tem*" or the "arbitrator" or the "mediator."  There is no evidence in the **RECORD** that the RSC ever appointed Bellinger as a "Judge *Pro Tem*" or other position as a subordinate judicial officer ("SJO"), pursuant to Cal. Const. Art. VI §22.

**37.** The legal term "Judge *Pro Tem*" is not defined in the California Constitution, so that it is not possible that I consented to the appointment of Bellinger as the "Judge *Pro Tem*" in RID 1200031 ("STATE CASE").

**38.** The RSC is bound by the **COUNELIS ORDER**, the **STIPULATION** and ART. VI §21 (*hereinafter* "ART. VI §21 MANDATES") because "[e]ven courts are mandated to observe Constitutional prohibitions.  (*Sail'er Inn, Inc. v. Kirby* (1971) 5 Cal.3d 1, 8, [95 Cal.Rptr. 329, 485 P.2d 529]; *Leger v. Stockton Unified School Dist.* (1988) 202 Cal.App.3d 1448, 1454, 249 Cal.Rptr. 688 (*Leger*).)"

**39.** I draw a distinction between a "court-appointed Temporary Judge" pursuant to CAL. CONST. ART. VI §22 and a "Temporary Judge by the consent of the parties litigant" pursuant to ART. VI §21.  Bellinger is not a "court-appointed Temporary Judge" and there is no evidence in the **RECORD** indicating that she was ever appointed by the RSC to any position as a subordinate judicial officer ("SJO").

**40.** Similarly, Bellinger is the "Temporary Judge by the consent of the parties litigant," but she failed to comply with the **COUNELIS ORDER**, or the STIPULATION or ART. VI §21 ("ART. VI §21 MANDATES").  In the absence of such compliance, Bellinger's actions violate the California Constitution and her actions are null and void *ab initio*.

**41.** The initial issue here is that the RSC had no Jurisdiction in the STATE CASE.  Temporary Judge Bellinger "did not properly invoke the superior court's jurisdiction," because she failed to file her orders and findings, in violation of **CRC**

2.400(B), the **STIPULATION** ¶6, and ART. VI §21 (". . . try the cause . . ."). (*Housing Group v. United Nat. Ins. Co.* 90 Cal.App.4th 1106 (2001).)  Nor is the **STIPULATION** valid to confer Jurisdiction on Bellinger as the Temporary Judge, because the then-Presiding Judge Mark A. Cope ("Cope") did not sign the **COUNELIS ORDER**; nor did Cope review or approve of the **STIPULATION**.

**42.** The **STIPULATION** is therefore invalid so that Temporary Judge Bellinger "has no jurisdiction to act and any actions purportedly taken are therefore void [Citation.]"  (*Del Real v. City of Riverside* (2002) 95 Cal.App.5th 761, 765, *citing In re Horton* (1991) 54 Cal.3d 82, 90, 284 Cal.Rptr. 305, 813 P.2d 1335.))

**43.** A striking aspect of this litigation throughout the Federal and California State Courts is the absence of oral argument at noticed hearings with briefing on the merits from both sides.  Having the court hear only from the Petitioner, without the participation or response of the respondents or Temporary Judge Bellinger, is the equivalent of a Star Chamber proceeding and an unconstitutional violation of Due Process and Equal Protection under the United States Constitution and the California Constitution.  By speaking on behalf of respondents, the Federal Courts are taking sides in this litigation.

**44.** There have been many proceedings, but not a single adversarial proceeding with oral argument.  Due Process mandates that there be oral arguments, to address issues *de novo*, because the "**RECORD** is incomplete.  Perhaps judges could have overcome the deficit in the **RECORD** by acknowledging the incompleteness in their decision or orders, and then allowed the Petitioner to explain why the lack of a complete **RECORD** prevents him from filing an appeal which everyone assumes that he failed to do.

**45.** But, since no judge has yet acknowledged that the **RECORD** is incomplete and no court decision has identified any final order or appealable judgment, this Petitioner objects to the lack of transparency by the California Courts and the willing acquiescence of the Federal Court to the incompleteness of the **RECORD**. **TO WIT**, Temporary Judge Bellinger refused to file the judgment which she rendered on July 28, 2014.  Obviously, I cannot file an appeal of a judgment which is not filed or entered.

**46.** Nonetheless, the lack of a complete **RECORD** means that this court may make no presumption that judicial duties were performed or that judicial duties were performed properly.  (*See* CAL. **EVID. CODE** §664.)

18

**47.** With respect, the Ninth Circuit Court of Appeals misconstrues Petitioner's Writ of Mandate which was filed and disposed of—without any oral argument—recently.  I am not attempting to have any Federal Court issue any order to any California Judge or California State court.  The court may have become accustomed to *in pro per* appellants filing frivolous and non-sensical pleadings requesting the Federal Courts to do things against the United States Constitution.  But here, I request this court and the Ninth Circuit Court of Appeals to review the Writ in order to understand that all I am asking, at least initially, is for all Federal Courts and Federal Judges and Magistrates to be consistent and to treat Martha E. Bellinger ("Bellinger") as the "Temporary Judge by the consent of the parties litigant" pursuant to ART. VI §21 MANDATES, at all hearing, proceedings, and other aspects of this litigation.

**48.** It is self-evident that Federal Courts have failed Due Process by treating Bellinger not as the Temporary Judge, but instead as an "arbitrator" or a "mediator" or the "Temporary Judge offering judging services" or the "Temporary Judge at IVAMS, Inc. ("IVAMS")" or a "private judge" or "Judge *Pro Tem*" or a position other than the "Temporary Judge."  However, it is well-settled law that "[u]nless the presiding or designating judge, in his or her discretion, relieves a party from his or her stipulation (**STIPULATION**), the party and the courts are bound by it." Robinson v. Workers' Comp. Appeals Bd. (1987), 194 Cal.App.3d 784, 790, 239 Cal.Rptr. 841, *cited in Del Real v. City of Riverside* (2002) 95 Cal.App.5th 761, 765.)

**49.** These decisions choosing an alternative to "Temporary Judge by the consent of the parties litigant" are not based on any evidence in the **RECORD** nor any conclusion by any California judge after a noticed adversarial hearing, with an opportunity to be heard.  The **RECORD** is bereft of any ruling, order or conclusion by any California Court that Bellinger is not the "Temporary Judge."

**50.** The **COUNELIS ORDER** appointing Bellinger as the "Temporary Judge" is the "court . . . order" mandated by ART. VI §21; and the **STIPULATION** is the mandatory "stipulation of the parties litigant" with the RSC.  (ART. VI §21.)

**51.** The **COUNELIS ORDER** and the **STIPULATION** are both mandatory for Jurisdictional purposes, pursuant to CAL. CONST. ART. I §26.

**52.** The lack of consistency by the Federal Judges in treating Bellinger in different ways in several decisions provides *prima facie* evidence that they are not relying on the same evidence or even on the same judicial document or provisions of

19

the California Constitution in arriving at differing conclusions as to her status. *De novo* proceedings with oral argument are necessary to overcome the Due Process deficit caused by judges assuming what it not true, *i.e.*, that Bellinger is anything other than the "Temporary Judge by the consent of the parties litigant" pursuant to ART. VI §21.

**53.** Inherent in this inconsistent treatment of Temporary Judge Bellinger is the failure of California and Federal Courts to follow their own rules at the pleading stages, *i.e.*, assuming the truth of well-pled facts.  In all other cases researched by this Petitioner, I have determined that the courts in those cases have assumed the truth of the facts asserted in the complaint or writ at the pleading stage.  These cases are too numerous to cite here.

**54.** This court must not now determine that Petitioner's claims that Bellinger is the "Temporary Judge (consented to by the parties)" are "frivolous," because I reasonably allege that:  "2. Petitioner will also seek a declaration that Temporary Judge Bellinger is still the Temporary Judge.  By refusing to acknowledge or recognize that Bellinger is the Temporary Judge, Federal Judges have taken sides in this litigation."  (Petition and Action For Declaratory Relief That Temporary Judge Martha Bellinger Is Still the Temporary Judge in RID1200031 ("State Case") (FIRST AMENDED) (5:21-cv-01999 JGB (SPx) ("**COMPLAINT**")) ¶2 (Dkt.No. 011).)

**55.** It may be unfortunate that the Superior Court for the County of Riverside ("RSC") never determined what the status of Bellinger is.  But, given the **COUNELIS ORDER** and the **STIPULATION** and the MANDATES OF ART. VI §21, it is clear that Judge Counelis appointed Bellinger as the "Temporary Judge (by the consent of the parties litigant)."

**56.** The relevant California Court of Appeals also has not followed its own rules or the California Constitution, *i.e.*, by recognizing that Bellinger is the Temporary Judge.  (*See MICHAELS v. TURK* (Cal: Court of Appeal, 4th Appellate Dist., 2nd Div.) (*MICHAELS*) 239 Cal.App.4th 1411, 1414, 239 Cal.App.4th 1411 (2015) 191 Cal.Rptr.3d 669).)

**57.** "Our state's Supreme Court has interpreted this constitutional provision to mean that in the absence of a stipulation a commissioner is not qualified to act, and any ruling the commissioner makes "must be reversed." (*People v. Tijerina* (1969) 1 Cal.3d 41, 49 [81 Cal.Rptr. 264, 459 P.2d 680] [reversing order revoking probation

entered by commissioner]; *accord*, *Rooney v. Vermont Investment Corp.* (1973) 10 Cal.3d 351, 359-360 [110 Cal.Rptr. 353, 515 P.2d 297] [commissioner did not have power to act because no stipulation was "shown by the record"].) (*MICHAELS* at p. 1414.)

**58.** Here, if Bellinger is not treated as the Temporary Judge, then then her rulings "must be reversed" because she "did not have power to act because no stipulation was "shown by the record." (*Rooney v. Vermont Investment Corp.* (1973) 10 Cal.3d 351, 359-360 [110 Cal.Rptr. 353, 515 P.2d 297].)

**59.** "Following Tijerina and Rooney, California appellate courts have reversed and voided actions taken by commissioners where no stipulation appeared on the record. In *Lovret v. Seyfarth* (1972) 22 Cal.App.3d 841 [101 Cal.Rptr. 143], a contractor petitioned the superior court to confirm an arbitration award against his clients, a husband and wife. (*Id.* at pp. 846-848.)  The petition was heard and ultimately granted by a commissioner. (*Id.* at pp. 848-850.)  The husband and wife appealed the judgment and the order affirming the arbitration award on the ground that they had not consented to a commissioner hearing the matter. (*Id.* at p. 852.)  Although the Court of Appeal recognized that to hold the judgment and order void would mean that "so much of the judicial and legal labors expended, together with the time of the litigants and witnesses, must be discarded as vain and abortive expenditures of time, effort, and money," the court nevertheless held that the lack of oral or written stipulation on the record rendered the commissioner's actions void. (*Id.* at pp. 852-853.)" (*MICHAELS* at p. 1414-15.)

**60.** Here, in the STATE CASE, the RSC and Judge Harmon and Temporary Judge Bellinger never cited to the **STIPULATION** or the **COUNELIS ORDER** to make them "apparent from the record."  Their apparent motive is to avoid the enforcement of either.

**61.** The Court of Appeal, 4th Appellate Dist., 2nd Div. relies on the analogy that a "stipulation was "analogous to a contract between the litigants and the court""". (*MICHAELS* at p. 1415-16.)  Accordingly, I am requesting that the **STIPULATION** and the **COUNELIS ORDER** be enforced "analogous to a contract between" the party litigants and the RSC. (*Barfield v. Superior Court* (1963), 216 Cal.App.2d 476 (". . . agreement [is] between court and litigant which controls . . ..").)

**62.** All Article III District Court Judges and Magistrate Judges ("FEDERAL JUDGES") commit clear error by deciding that Bellinger is not the "Temporary

Judge." These judges and courts abuse their discretion by reaching a positive disposition of this action without holding any noticed hearing or providing any opportunity to be heard.

**63.** What is frivolous is any alternative designation of Bellinger as one of the alternatives listed above.

**64. TO WIT**, the conclusion by one ARTICLE III District Court Judge that Bellinger is a "Superior Court Judge" is frivolous and confusing. I assume that this "frivolous" conclusion is due in part to the false, fraudulent, and prevaricating assertions by Judge Counelis, Judge Harmon, Bellinger, the Clerk of the RSC, and Joseph Howington ("Howington") that Bellinger is a "[x] Judicial officer" and not the "[ ] Temporary Judge." (*See* EXHIBITS G1 & G2.)

**65.** The designation that Bellinger is the "[x] Judicial officer" is false and fraudulent, made in bad faith and in violation of the ART. VI §21 MANDATES.

**66. I object to the unfairness of this whole process, including the favoritism given to the respondents.** "If the appellant decides not to make an oral argument, then the respondent usually does not make an oral argument. This is because the law favors the respondent in an appeal." (downloaded from the Internet; https://selfhelp.appellate.courts.ca.gov/knowledge-center/oral-argument/).

**67.** The deference given to the respondents on appeal, and the resulting bias against this Petitioner and prejudice against the legal positions and arguments presented on his behalf, fail to treat the Petitioner equally compared with the respondents, before the law.

**68.** The preference that this Court will give to future respondents on appeal will result in this case being decided on the unchallenged assumptions of Justices and Article III Judges and Magistrate Judges, one of whom is apparently unable to produce evidence of her appointment papers and her "sworn" **OATH**.

**69.** The Ninth Circuit Court of Appeals has already precluded any fair review or just proceeding at the trial court level, by ignoring my Writ recently filed and disposing of it without a hearing or oral argument. The disposition of this Writ cannot be used as precedent on the substantive or procedural issues.

**70.** This favoritism violates both Due Process and Equal Protection. I entered into a contractual stipulation and agreement with the RSC for the Superior Court to provide a "Temporary Judge (by the consent of the parties litigant)." Bellinger cannot

22

be treated as a "temporary judge at IVAMS" because the proceedings of an ART. VI §21 Temporary Judge proceed with the *imprimatur* of the RSC.  A Temporary Judge acts for the Superior Court.  (*In re Kent's Estate* (1936), 6 Cal.2d 154, 57 P.2d 901.)

**71.** These promises are enforceable under principles of contract, so that apart from codes, rules, and constitutions, the promise of the RSC to provide a "Temporary Judge by the consent of the parties litigant" is enforceable *via* a Writ under principles of contract law.  (*See Barfield v. Superior Court* (1963), 216 Cal.App.2d 476.) (*MICHAELS* at p. 1415-16.)

**72.** As a party to a contract with the RSC, Temporary Judge Bellinger, and IVAMS, I never expected to have to go to court to enforce the **COUNELIS ORDER** and the **STIPULATION**.  But, if these Federal Courts are concerned with upholding the integrity of the judicial process in California Courts and avoiding Federal interference, then this court must surely recognize that it must not condone the ignoration of either the **COUNELIS ORDER** or the **STIPULATION.**  For if either had been observed by Temporary Judge Bellinger and the RSC, then this litigation would not have been necessary.

I declare under penalty of perjury under the laws of the State of California and the United States that the foregoing is true based upon my own personal knowledge.  This declaration executed at Perris, California on September 29, 2022.

*Gregory Richardson, Esq.*

Gregory Richardson

23