UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| GREGORY RICHARDSON,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>THE COMMISSION ON JUDICIAL PERFORMANCE,<br><br>　　　　Defendant, | Case No. 5:22-cv-01709-JWH-SHK<br><br>**ORDER ON DEFENDANT'S MOTION TO DISMISS [ECF No. 18]** |

Before the Court are (1) the motion of Defendant Commission on Judicial Performance (the "CJP") to dismiss the Complaint filed by Plaintiff Gregory Richardson; and (2) the CJP's request for judicial notice.[1] The Court concludes that this matter is appropriate for resolution without a hearing. *See* Fed. R. Civ. P. 78; L.R. 7-15. After considering the papers filed in support and in opposition,[2] the Court orders that the CJP's Motion is **GRANTED**, as set forth herein.

## I. BACKGROUND

### A. Factual Allegations

While Richardson's factual allegations are far from clear, this lawsuit appears to arise from an underlying divorce action.[3] From what the Court can discern, Richardson appears to allege that the judge who served as an arbitrator in that matter was actually a temporary judge under Article VI § 21 of California's constitution.[4] Through the instant lawsuit, and in view of that purported misrepresentation, Richardson now seeks a declaration that the CJP should independently investigate that retired judge, as well as the Superior Court judges who were involved in her appointment.[5]

---

[1] Def.'s Motion to Dismiss Complaint (the "Motion") [ECF No. 18]; Def.'s Req. for Judicial Notice (the "RJN") [ECF No. 18-1].

[2] The Court considered the documents of record in this action, including the following papers: (1) Compl. (the "Complaint") [ECF No. 1]; (2) Motion (including its attachments); (3) Pl.'s Response to Failure of the Attorneys for the Commission on Judicial Performance to Meet and Confer as Required by CACD Local Rule (including its attachments) (the "Opposition") [ECF No. 21]; and (4) Def.'s Amended Reply to the Opposition (the "Reply") [ECF No. 26].

[3] Complaint ¶¶ 7-9; *see also* Decl. of Gregory Richardson in Supp. of the Application (the "Richardson Declaration") [ECF No. 1] 11:3-12:24.

[4] Complaint ¶ 21.

[5] *Id.* at ¶¶ 18 & 23.

B.  **Procedural History**

Richardson initiated this lawsuit in this Court in September 2022.[6] Although his Complaint is far from clear, it appears that Richardson asserts the following six claims for relief:

- violation of the First Amendment [42 U.S.C. § 1983];
- violation of the Fourteenth Amendment [42 U.S.C. § 1983];
- violation of the Due Process Clause [42 U.S.C. § 1983];
- violation of the Equal Protection Clause [42 U.S.C. § 1983];
- violation of Cal. Const. Art. I, § 2; and
- violation of Cal. Const. Art. I § 7(A).[7]

In March 2023, the CJP moved to dismiss the entirety of Richardson's Complaint.[8] The matter is fully briefed.[9]

## II.  LEGAL STANDARD

A claim should be dismissed under Rule 12(b)(6) of the Federal Rules of Civil Procedure when the plaintiff fails to assert a "cognizable legal theory" or the complaint contains "[in]sufficient facts . . . to support a cognizable legal theory." *See Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). To survive a motion to dismiss, the complaint must allege "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The claim must be pleaded with "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face," *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), and that rises "above the speculative level." *Twombly*, 550 U.S. at 555. "A claim has facial plausibility

---

[6] *See generally* Complaint.

[7] *Id.* at ¶ 18; *see also* Motion 4:8-15.

[8] *See generally* Motion.

[9] *See generally* Opposition; Reply.

when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

Importantly, the Court must construe all factual allegations and "draw all reasonable inferences from them in favor of the nonmoving party." *Tinoco v. San Diego Gas & Elec. Co.*, 327 F.R.D. 651, 656 (S.D. Cal. 2018) (quoting *Cahill v. Liberty Mutual Ins. Co.*, 80 F.3d 336, 337–38 (9th Cir. 1996)); *see also Doe v. United States*, 419 F.3d 1058, 1062 (9th Cir. 2005).

### III.  REQUEST FOR JUDICIAL NOTICE

The CJP requests that the Court take judicial notice of order issued by Judge Dolly M. Gee denying Richardson's request to proceed *in forma pauperis* in a separate action that was pending in this judicial district: *Richardson v. Bellinger*, Case No. 5:20-cv-00379-DMG-SP.[10]  The Federal Rules of Evidence permit the Court to take judicial notice of facts that are "not subject to reasonable dispute" because they "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b).  Such facts include "matters of public record." *Intri-Plex Techs., Inc. v. Crest Grp., Inc.*, 499 F.3d 1048, 1052 (9th Cir. 2007).  Additionally, "[t]he court may judicially notice a fact that is not subject to reasonable dispute because it . . . can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b)(c).  In the Ninth Circuit, "court filings and other matters of public record" are sources whose accuracy cannot reasonably be questioned for the purposes of Rule 201. *Reyn's Pasta Bella, LLC v. Visa USA, Inc.*, 442 F.3d 741, 746 n.6 (9th Cir. 2006). "The court . . . must take judicial notice if a party requests it and the court is supplied with the necessary information." Fed. R. Evid. 201(c)(2).

---

[10]    *See* RJN.

Here, the subject of the CJP's request is a "court filing[]," whose authenticity Richardson does not meaningfully dispute.[11] *See* Fed. R. Evid. 201(b)(c). The CJP's request for judicial notice is therefore **GRANTED**.

## IV.  DISCUSSION

The CJP's Motion primarily hinges on two theories. First, the CJP argues that the Eleventh Amendment bars the entirety of Richardson's Complaint. Second, the CJP contends that Richardson's Constitutional claims pursuant to 42 U.S.C. § 1983 are not viable because the CJP is not a "person" within the meaning of 42 U.S.C. § 1983. In response, Richardson does not address the substance of CJP's arguments, but, instead, Richardson focuses on opposing counsel's purported lackluster attempts to meet and confer in compliance with this Court's Local Rules. Before turning to the merits of each of the CJP's theories, the Court first addresses whether the CJP's counsel succeeded in meeting his threshold obligation under L.R. 7-3.

### A.  L.R. 7-3

Before filing almost any motion, this Court's Local Rules require counsel first to "contact opposing counsel to discuss thoroughly, preferably in person, the substance of the contemplated motion and any potential resolution." *See* L.R. 7-3. Such a "conference shall take place at least seven (7) days prior to the filing of the motion." *Id.* If the parties are unable to reach a resolution that eliminates the necessity for a hearing, counsel for the moving party must include

---

[11] While Richardson does not appear to oppose the CJP's request for judicial notice, he mentions in his Opposition that he disagrees with Judge Gee's order on the grounds that "Judge Gee held no hearing and accepted no facts into evidence." *See* Opposition 15:25-16:5. However, Richardson does not cite any authority to support his proposition that a hearing on request to proceed *in forma pauperis* is required.

a statement in the notice of motion to the following effect: "This motion is made following the conference of counsel pursuant to L.R. 7-3 which took place on (date)." *Id.* The Local Rules further provide that the "Court may decline to consider a motion unless it meets the requirements of L.R. 7-3 through 7-8." L.R. 7-4.

      Richardson contends that the CJP's former counsel, attorney Daniel Helfat, failed meaningfully to discharge his obligation under L.R. 7-3 prior to filing the instant Motion.[12] The CJP filed its Motion on March 29, 2023.[13] Therefore, the question is whether Helfat meaningfully engaged in a conference of counsel with Richardson on or before March 22, 2023. The Court concludes that he did.

      While the Local Rules expressly state a preference for in-person conferences, the thrust of L.R. 7-3 requires that the parties "discuss thoroughly . . . the substance of the contemplated motion." Here, the limited record before this Court[14] shows that Helfat transmitted an email to Richardson regarding the instant Motion at least as early as March 9, 2023—more than 20 days before the CJP filed this Motion.[15] In that email, Helfat summarized the main arguments in the CJP's anticipated motion; Helfat stated that the Motion would argue that (1) the Complaint is barred by the Eleventh Amendment; (2) the State is not a person within the meaning of 42 USC § 1983; and (3) "one is not entitled to a

---

[12]    Opposition 15:7-14.

[13]    *See generally* Motion.

[14]    In its Reply, the CJP's new counsel informs the Court that Helfat sadly passed away on April 17, 2023. As such, new counsel for the CJP explains that it cannot provide a declaration from Helfat explaining the steps that he took to meet and confer with Richardson before filing the Motion. *See* Reply 2:7-9.

[15]    *Id.* at 6:4-12.

government investigation, which have been discussed in prior emails."[16] Helfat also specified that "unless [Richardson] [had] other legal authority to add," the CJP would move to dismiss the Complaint.[17] On that same day, Richardson replied with an email containing several arguments that appeared to respond directly to the points that Helfat raised. For instance, Richardson suggested that the CJP investigate certain judicial officials,[18] likely in response to Helfat's contention that the CJP was an improper defendant. Richardson also suggested that he would amend his Complaint to sue individual employees of the CJP, which appears to be yet another response to the argument Helfat had raised.[19] On that same day, Helfat engaged in further discussion with Richardson regarding the substance of the Motion. For instance, he sent an email to Richardson explaining that "the complaint is not viable against the CJP" and that "the law does not require a public entity to conduct an investigation."[20] Those email exchanges continued until Helfat filed the Motion.[21]

During those exchanges, Richardson demanded, with increasing insistence, an in-person conference with Helfat.[22] However, in view of the circumstances, the Court finds that an in-person conference would not have been viable. On March 16, 2023, after Richardson requested an in-person meeting, Helfat responded that, "I am particularly susceptible to disease so an

---

[16]   *Id.*
[17]   *Id.*
[18]   *Id.* at 6:14-16.
[19]   *Id.* at 6:16-18.
[20]   *Id.* at 6:25-27.
[21]   *Id.* at 7:1-9:17.
[22]   *Id.* at 4:3-4.

in person meeting is not in the cards for me."[23]  Though the Court agrees in part with Richardson that a live conference would have been preferable, in this particular circumstance the Court is sympathetic to Helfat's situation.  As the Court is now informed, Helfat passed away on April 17, 2023.[24]  In view of those circumstances and Helfat's understandable limitations, the Court concludes that Helfat engaged with Richardson sufficiently regarding "the substance of the contemplated motion" well before March 22, 2023, which is the deadline established by the Local Rules.  *See* L.R. 7-3; *cf. Kobayashi v. McMullin*, 2022 WL 422823, at *4 (C.D. Cal. Jan. 7, 2022) (finding a failure to comply with L.R. 7-3 when a party sent an email lacking sufficient details regarding the anticipated motion on the seventh day before the motion was filed).

      The Local Rules also require that the parties "discuss thoroughly . . . any potential resolution."  L.R. 7-3.  The Court finds that Helfat satisfied that obligation here as well.  In a subsequent email exchange dated March 9, 2023, Helfat appeared to discuss with Richardson possible solutions to the issues that he raised with respect to the anticipated Motion:

> [Richardson]:  Are you offering to consent to an amendment?
>
> [Helfat]:  Yes.  You could also file an amended complaint if no one has appeared.
>
> [Richardson]:  Which individual defendants, in your view, are acceptable?
>
> [Helfat]:  It is your case and your decision.  Whether the defendants chosen are proper parties is not ripe for consideration at this juncture.

---

[23]    *Id.* at 4:5-7.

[24]    *Id.* at 2:7-9.

> [Richardson]: Will the CJP agree to appoint an independent investigator, while entering into a standstill re this lawsuit?
>
> [Helfat]: Not that I am aware.[25]

That line of discussion continued, ultimately concluding on March 15, 2023, when Helfat asked Richardson once again whether he wished to amend his Complaint.[26] Those emails thus further underscore that Helfat made a good faith attempt to discuss with Richardson any potential resolution. *See* L.R. 7-3.

Although the Local Rules express a strong preference for in-person conferences of counsel, "[a] substantial email exchange can suffice." *Meggs v. NBCUniversal Media, LLC*, 2017 WL 2974916, at *4 (C.D. Cal. July 12, 2017) (quotation omitted). Here, Helfat met that burden by engaging in a substantial email exchange with Richardson, notwithstanding the significant health issues that he appeared to be facing during the time of their correspondence.[27] Further, Richardson does not present any arguments or evidence suggesting that he was prejudiced by Helfat's purported failure to meet live or telephonically with Richardson. Further, Richardson was able to prepare and submit an opposition brief. *See Wilson-Condon v. Allstate Indem. Co.*, 2011 WL 3439272, at *4-*5 (C.D. Cal. Aug. 4, 2011) ("[The defendant] does not appear to have suffered any prejudice from Plaintiff's failure to meet and confer sufficiently in advance, and [the defendant] was able to prepare and submit an opposition. Thus, it appears that no prejudice will result if the Court considers the [motion] on the merits notwithstanding Plaintiff's failure to comply with Local

---

[25] *Id.* at 7:8-14.

[26] *Id.* at 9:2-4.

[27] On March 16, 2023, after Richardson requested an in-person meeting, Helfat responded, "I am particularly susceptible to disease so an in person meeting is not in the cards for me." *Id.* at 4:5-7. Mr. Helfat passed away a month later. *See id.* at 2:7-9.

-9-

Rule 7-3."). In view of the foregoing, the Court rejects Richardson's argument that it should deny the CJP's Motion on the ground that the CJP's counsel failed to conduct a conference of counsel with Richardson in accordance with L.R. 7-3. To the contrary, the Court finds that Helfat met his obligation under the Local Rules to "discuss thoroughly . . . the substance of the contemplated motion and any potential resolution." L.R. 7-3.

B.   **Eleventh Amendment**

In its Motion, the CJP argues that the Eleventh Amendment bars the entirety of this action because the CJP is a state entity.[28] In his Opposition, Richardson does address whether the Eleventh Amendment applies to the instant action. The Court concludes that the CJP is correct.

"The Eleventh Amendment bars suits which seek either damages or injunctive relief against a state, an 'arm of the state,' its instrumentalities, or its agencies." *Franceschi v. Schwartz*, 57 F.3d 828, 831 (9th Cir. 1995) (citing *Durning v. Citibank, N.A.*, 950 F.2d 1419, 1422-23 (9th Cir. 1991)). In other words, the Eleventh Amendment grants sovereign immunity to states against lawsuits filed in federal court. *See Regents of the University of California v. Doe*, 519 U.S. 425, 429 (1997). The Eleventh Amendment also bars actions against state agencies unless Congress expresses to the contrary or the state agency unequivocally waives the immunity. *See Belander v. Madera Unified School District*, 963 F.2d 248, 249 (9th Cir. 1992). Further, "the 11th Amendment bars suit against state officials when 'the state is the real, substantial party in interest.'" *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 102 (1984). However, "[t]he Court has recognized an important exception to this general rule: a suit challenging the constitutionality of a state official's action is not one against the State." *Id.*

---

[28]   Motion 6:11-7:3.

In this case, Richardson appears to assert at least six claims for relief, all of which identify the CJP as the defendant.[29] However, the CJP "is an agency of the state." *See Oster v. California*, 2021 WL 1615341, at *4 (N.D. Cal. Apr. 26, 2021); *see also Belssner v. Circle Dental*, 2020 WL 2572462, at *1 (C.D. Cal. May 21, 2020), *appeal dismissed*, 2020 WL 6038324 (9th Cir. Sept. 18, 2020) ("As to . . . the State Commission on Judicial Performance, Plaintiff cannot state a claim against them under § 1983 because they are entitled to immunity under the Eleventh Amendment."). Further, there is no indication that Congress or the CJP itself has waived its Eleventh Amendment immunity, *see Belander*, 963 F.2d at 249, nor is there any indication that this case falls under the "important exception" recognized in *Pennhurst*. In view of the foregoing, the Court concludes that the Eleventh Amendment decisively bars all of Richardson's claims. The Court therefore **GRANTS** the Motion with respect to the entirety of the Complaint.

The Court makes this ruling **without leave to amend**, because there is no conceivable way for any amended claim against the CJP—the sole defendant in this case—to pass muster under the Eleventh Amendment. *See Alvarado v. Los Angeles Unified Sch. Dist.*, 2023 WL 2761549, at *5 (C.D. Cal. Feb. 27, 2023), *report and recommendation adopted*, 2023 WL 2760415 (C.D. Cal. Apr. 3, 2023) (dismissing claims barred by the Eleventh Amendment without leave to amend); *see also Cervantes v. Countrywide Home Loans, Inc.*, 656 F.3d 1034, 1041 (9th Cir. 2011) (noting the standard of review and explaining that dismissal without leave to amend is proper when amendment would be futile).

C. **State Agency Defendant**

In the alternative, the CJP argues that all of Richardson's § 1983 claims are barred because the Commission is not a person under the statute. In his

---

[29] Complaint ¶ 18; *see also* Motion 4:8-15.

Opposition, Richardson does not respond to the CJP's argument that the CJP, as a state agency, is not a "person" under § 1983. The CJP is correct.

Although a plaintiff can maintain a § 1983 claim against a person acting under color of state law, *see Parratt v. Taylor*, 451 U.S. 527, 535 (1981), *overruled on other grounds by Daniels v. Williams*, 474 U.S. 327 (1986), neither a state—nor a state agency that is an arm of the state—is a "person" for the purpose of § 1983. *See Howlett v. Rose*, 496 U.S. 356, 365 (1990). Here, the Commission on Judicial Performance is unmistakably a state agency. *See Brown v. State of California*, 2007 WL 163103, at *1 (N.D. Cal. Jan. 18, 2007) (affirming the dismissal of the CJP because it is a state agency and not a "person" under § 1983). Therefore, Richardson cannot maintain § 1983 claims against the CJP. The Court therefore **DISMISSES** Richardson's § 1983 claims on this ground as well.[30]

## V.  DISPOSITION

For the foregoing reasons, the Court hereby **ORDERS** as follows:

1. CJP's instant Motion to dismiss is **GRANTED**. Richardson's Complain is **DISMISSED without leave to amend**.

2. Judgment will issue accordingly.

**IT IS SO ORDERED.**

Dated: April 8, 2024

John W. Holcomb
UNITED STATES DISTRICT JUDGE

---

[30] The CJP also argues that Richardson's allegations in his Complaint are insufficient because neither the Constitution nor federal law confers a right to a government investigation. *See* Motion 7:12-8:19. It is unnecessary to address that argument at this time in view of the Court's determinations that all claims against the only named defendant are barred by the Eleventh Amendment and that all of Richardson's 42 U.S.C. § 1983 claims are not viable.